UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD J. STEINER and DAX LABS, LLC, : <br>     Plaintiffs, : <br> : <br> v.                             : <br> : <br> LEWMAR, INC. and LEWMAR LTD., : <br>     Defendants. : | No. 3:09cv1976 (DJS) |

SUPPLEMENTAL RULING ON MOTION FOR ATTORNEYS' FEES AND
RULING ON MOTION FOR HEARING

This matter is back before the Court on remand from the Court of Appeals "(1) to clarify whether [this Court] considered the claim for attorneys' fees under CUTPA on the merits and, (2) if not, to do so." *Steiner v. Lewmar*, 816 F.3d 26, 36 (2d Cir. 2016). As further articulated below, the Court has considered and denied the plaintiffs' claim for attorneys' fees under CUTPA [Connecticut Unfair Trade Practices Act] on the merits. Also in connection with the remand, the plaintiffs have filed a motion for a hearing on their claim for attorneys' fees under CUTPA.

BACKGROUND

The plaintiffs, Donald J. Steiner ("Steiner") and Dax Labs, LLC, brought this action against the defendants, Lewmar, Inc. and Lewmar Ltd. (collectively, "Lewmar"), raising claims of: (1) trademark infringement in violation of the federal Lanham [Trademark] Act; (2) unfair competition in violation of the Lanham Act; (3) false description in violation of the Lanham Act; (4) breach of contract; (5) breach of the implied covenant of good faith and fair dealing; (6) conspiracy/aiding and abetting with regard to Lewmar Ltd.'s breach of its duties and obligations to Steiner; and (7) unfair trade practices in violation of CUTPA. All of the plaintiffs'

claims related to an agreement between the parties concerning the manufacturing and sales of Steiner's patented "OneTouch" winch handle design by Lewmar. The defendants filed a counterclaim seeking declarations finding: (1) trademark noninfringement; (2) no unfair competition; (3) no false description; (4) no conspiracy/aiding and abetting; (5) no unfair trade practices; (6) patent invalidity; (7) patent noninfringement; (8) no breach of contract; (9) no breach of the implied covenant of good faith and fair dealing; and (10) patent misuse.

On December 6, 2013, the plaintiffs filed a notice of acceptance of an offer of judgment that had been made by the defendants. The defendants' offer of judgment would, among other things, allow judgment to be entered against them in the amount of $175,000.00. The offer specified that it "applies to each and every count advanced by Plaintiffs against Defendants in this matter." (Doc. # 156-1, at 3). Pursuant to Fed. R. Civ. P. 68, judgment entered in favor of the plaintiffs in the amount of $175,000.00 on December 13, 2013. In accordance with the terms of the offer of judgment, the judgment specifies that, "This action is hereby dismissed with prejudice including all claims that have been made or could have been made concerning the LiteTouch trademark, winch handles sold under the LiteTouch trademark, or the Agreement, except that the Court shall retain jurisdiction to enforce the terms of this Judgment and Permanent Injunction."[1] (Doc. # 159, at 2).

The plaintiffs subsequently filed post-judgment motions seeking attorneys' fees, costs, and interest. The motion for attorneys' fees was based, in part, on CUTPA: "In any action

---

[1] The judgment enjoins the defendants from certain specified activities relating to the LiteTouch trademark. In their complaint, the plaintiffs alleged that the LiteTouch winch handle, which was manufactured by Lewmar, was a "knockoff" of the OneTouch handle invented by Steiner. (Doc. # 1, at 2).

Case 3:09-cv-01976-DJS   Document 194   Filed 08/09/16   Page 3 of 8

brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery." Conn. Gen. Stat. § 42-110g(d). In denying an award of attorneys' fees under CUTPA, this Court stated the following:

> judgment was entered in this case by agreement of the parties pursuant to Rule 68 of the Federal Rules of Civil Procedure without any findings having been made. The Court concludes that the particular circumstances of this case do not warrant an award of attorney's fees or costs under CUTPA.

(Doc. # 172, at 7).

The plaintiffs appealed from the denial of their motion for attorneys' fees. Although the Court of Appeals found that the language of the defendants' offer of judgment unambiguously included a claim for attorneys' fees under the parties' Agreement, that Court further found that there was ambiguity with regard to whether the language of the offer of judgment encompassed claims for attorneys' fees under CUTPA, and that, "because the Offer did not unambiguously encompass claims for attorneys' fees under CUTPA, Steiner was not precluded from seeking attorneys' fees under CUTPA." *Steiner*, 816 F.3d at 35. With regard to the language quoted above from this Court's decision denying an award under CUTPA, the Court of Appeals stated that:

> We are unsure from this language whether the district judge denied attorneys' fees under CUTPA merely because judgment had been entered pursuant to Rule 68, or because it concluded, in the exercise of its discretion, that an award of attorneys' fees was not warranted in the circumstances of the case.

*Id*. at 36.

DISCUSSION

The Court of Appeals directed this Court to "clarify whether it considered the claim for attorneys' fees under CUTPA on the merits and, . . . if not, to do so." *Steiner*, 816 F.3d at 36. The Court now clarifies that it did consider the plaintiffs' claim for attorneys' fees under CUTPA on the merits and takes this opportunity to further address this issue.

In connection with the remand to this Court, the plaintiffs filed a motion for a hearing on their claim for attorneys' fees under CUTPA. The plaintiffs argue that "[b]y consenting to judgment against them for violating CUTPA, the defendants have already conceded that plaintiffs prevailed on that count. A hearing on and consideration of fees is therefore required under the law." (Doc. # 193, at 4). The Court does not agree with the plaintiffs' view of the applicable law.

Because the defendants' offer of judgment specified that judgment could enter against them and that the offer "applies to each and every count advanced by Plaintiffs against Defendants in this matter," (doc. # 156-1, at 3), it is reasonable for the plaintiffs to argue that they are the prevailing parties as to their CUTPA claim. For purposes of an award of attorneys' fees under CUTPA, however, that status is just the beginning of the decision-making process. "According to the statute, 'the court *may award*, to the plaintiff, . . . reasonable attorneys' fees based on the work reasonably performed by an attorney' . . . . The use of the word 'may' indicates that the statute does not provide a mandatory award of fees to the plaintiff; rather, the court has discretion to award attorney's fees." *Staehle v. Michael's Garage*, 35 Conn. App. 455, 459 (1994) (quoting Conn. Gen. Stat. § 42-110g (d)). "The statute contains no standard by which a court is to award attorney's fees, thus leaving it to the sole discretion of the trial court to

determine if attorney's fees should be awarded and the amount of such an award." *Id.* at 461.

In deciding whether to award attorneys' fees under CUTPA, it is not uncommon for trial courts to consider whether or not the actions of a defendant were "egregious." In *Bridgeport Garden Apartments, Inc. v. Villa Gesell Construction, LLC*, No. CV085014794S, 2010 WL 3260130, at *8 (Conn. Super. Ct. July 16, 2010), the court found that the defendant had violated the Connecticut Home Improvement Act, and that, because a violation of the Home Improvement Act is a per se violation of CUTPA, the defendant had violated CUTPA. Notwithstanding this per se violation of CUTPA, the court declined to award reasonable attorneys' fees under CUTPA: "Though having determined that there was, in fact, a CUTPA violation, under all the circumstances, the court finds that an award of reasonable costs and attorneys fees under § 42-110g (d) is not appropriate in the present case as the defendant's actions were not egregious." *Id.*

In *Boulevard Associates v. Sovereign Hotels, Inc.*, 868 F. Supp. 70, 71 (S.D.N.Y. 1994), the trial court found, among other things, that the defendant had "willfully breached [a] lease agreement by intentionally defaulting on its rent obligation . . . ." Noting that Conn. Gen. Stat. § 42-110g (d) "allows the award of attorneys' fees without reference to plaintiff's actual monetary award to further the policy of encouraging 'private attorney generals' to bring law suits to vindicate important rights," the court then concluded that it could "properly award attorney's fees under CUTPA to plaintiff because of defendants' egregious behavior in performing its obligations under the lease." *Id.* at 72.  *See also Utzler v. Braca*, 115 Conn. App. 261, 281 (2009) ("The court's careful consideration of the evidence at trial and its numerous findings that the defendant's 'unethical and unscrupulous' and 'unfair and deceptive acts and practices' caused an ascertainable loss to the plaintiff support its conclusion that the defendant not only violated

CUTPA, but did so in a manner that merited awarding punitive damages and attorney's fees to the plaintiff."); *Locascio v. Imports Unlimited, Inc.*, 309 F. Supp. 2d 267, 271, 272 (D. Conn. 2004) (attorneys' fees awarded under CUTPA where court found that defendant's conduct not only "violated the law," but "was unscrupulous").

In the instant case, the Court never made a finding that the defendants' conduct was "egregious" or "unscrupulous." It is true that in the context of the plaintiffs' claim of a breach of the implied covenant of good faith and fair dealing, the Court found that the plaintiffs had produced evidence "that could support a finding of bad faith as to certain actions alleged to have been taken by Lewmar," and that "[b]ecause there are material facts genuinely in dispute as to the Plaintiffs' claim of a breach of the implied covenant of good faith and fair dealing, that claim cannot be resolved on the basis of a motion for summary judgment . . . ." (Doc. # 147, at 11). Beyond determining that the breach of the implied covenant of good faith and fair dealing claim survived summary judgment, however, the Court made no finding as to alleged bad faith on the part of the defendants. Thus, the Court concluded that an award of attorneys' fees under CUTPA would not be warranted on the basis of egregious conduct by the defendants.

As previously noted, the plaintiffs maintain that "[a] hearing on and consideration of fees is . . . required under the law." (Doc. # 193, at 4). The plaintiffs' argument appears to overlook the fact that there are two distinct aspects to an award of attorneys' fees under CUTPA. In the first instance, the trial court must exercise its discretion and decide *if* attorneys' fees should be awarded. If so, then the court must determine the amount of the award. In an instance where the trial court has already decided that attorneys' fees will be awarded, the remaining question would be a determination of the amount to be awarded as reasonable fees, and that issue would be

properly resolved on the basis of an evidentiary hearing: "[T]here is an undisputed requirement that the reasonableness of attorney's fees and costs must be proven by an *appropriate evidentiary showing*." *Smith v. Snyder*, 267 Conn. 456, 471 (2004) (internal quotation marks omitted).

The plaintiffs have not provided any authority supporting the contention that this Court could not have denied their motion for attorneys' fees under CUTPA without first having held an evidentiary hearing. The judgment that entered in accordance with the parties' agreement specifies that "[t]his action is hereby dismissed with prejudice including all claims that have been made . . . except that the Court shall retain jurisdiction to enforce the terms of this Judgment and Permanent Injunction." (Doc. # 159, at 2). The plaintiffs filed their motion for attorneys' fees after judgment had entered. In light of the parties' agreed-upon terms, the holding of what the defendants have characterized as a "mini-trial on CUTPA" would not be either necessary or appropriate.

This Court concluded, in the exercise of its discretion, that the particular circumstances of this case do not warrant an award of attorneys' fees or costs under CUTPA. These circumstances include the absence of any finding that the defendants had engaged in egregious conduct. In reaching this decision, the Court also took into consideration the parties' agreement that all claims in the complaint were to be dismissed with prejudice. Additionally, the Court noted that the offer of judgment was for an amount of money significantly greater than the total amount received by the defendants in sales of the LiteTouch winch handle, which, according to the plaintiffs, was a "knockoff" of its OneTouch winch handle. (Doc. # 1, at 2). These considerations do not foreclose an award of attorneys' fees under CUTPA. Given the totality of the circumstances in this case, however, the Court declined to exercise its discretion to award

attorneys' fees under CUTPA.

## CONCLUSION

The Court clarifies that it considered the plaintiffs' claim for attorneys' fees under CUTPA on the merits and declined to exercise its discretion to award such fees. Additionally, for the reasons stated above, the plaintiffs' motion for a hearing on fees and costs under CUTPA (**doc. # 182**) is **DENIED**.

SO ORDERED this 9th day of August, 2016.

        /s/ DJS
Dominic J. Squatrito
United States District Judge